OPINION
Defendant-appellant, Randy Bake, appeals his sentence, following a guilty plea, for rape.
On March 2, 2000, a Belmont County Grand Jury returned an indictment against appellant setting forth two counts of rape of a person less than thirteen years of age, in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree. Each count carried with it a force specification.
On July 7, 2000, a written plea agreement was filed with the trial court. Appellee agreed to move to dismiss one of the two counts and the remaining force specification and stand silent on a sentence recommendation. In return, appellant agreed to plead guilty and agreed to a sexual predator classification. The court accepted appellant's plea on July 21, 2000.
The trial court conducted a sentencing hearing on August 4, 2000, and filed a judgment entry of sentencing on August 9, 2000. The court sentenced appellant to ten years in prison. This appeal followed.
At the outset, it should be noted that plaintiff-appellee, State of Ohio, has failed to file a brief in this matter. Therefore, pursuant to App.R. 18(C), "this court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."
Appellant's sole assignment of error states:
 "The Court abused its discretion in sentencing the Appellant to the maximum sentence on his first felony offense."
Appellant argues that there were factors which if taken into consideration should have prevented him from receiving the maximum term of years of imprisonment. He states that he did not hold public office or a position of trust in the community at the time of the offense. He also states that he did not use his profession to facilitate the offense and did not commit the offense for hire. He states that the offense was not committed based on race, ethnic background, gender, sexual orientation, or religion. Also, in mitigation, appellant points to his sixth grade education, the fact that he was never adjudicated a delinquent, showed genuine remorse for the offense, had led a law abiding life prior to the offense, and that the offense was not likely to recur.
Appellant was found guilty of rape, in violation of R.C.2907.02(A)(1)(b). A violation of that section is a felony of the first degree. R.C. 2907.02(B). A felony of the first degree carries a possible prison term of three, four, five, six, seven, eight, nine, or ten years. R.C. 2929.14(A)(1). The trial court sentenced appellant to the maximum, a prison term of ten years.
R.C. 2953.08 provides in relevant part:
 "(A) In addition to any other right to appeal and except as provided in division (D) of this section, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds:
 "(1) The sentence consisted of or included the maximum prison term allowed for the offense by division (A) of section 2929.14 of the Revised Code, the sentence was not imposed pursuant to division (D)(3)(b) of section 2929.14 of the Revised Code, the maximum prison term was not required for the offense pursuant to Chapter 2925. or any other provision of the Revised Code, and the court imposed the sentence under one of the following circumstances:
"(a) The sentence was imposed for only one offense.
"* * *
"(4) The sentence is contrary to law."
Since the trial court sentenced appellant to the maximum prison term allowed for the offense and the sentence was imposed for only one offense, appellant has an appeal of right under R.C. 2953.08(A)(1).
R.C. 2953.08(G)(1) provides that an appellate court hearing an appeal of a felony sentence may modify the sentence or vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds any of the following:
"(a) That the record does not support the sentence;
"* * *
 "(d) That the sentence is otherwise contrary to law."
Clear and convincing evidence has been defined by the Ohio Supreme Court in Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus, as:
 "[T]hat measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."
An appellate court will reverse, as a matter of law, a finding by the trial court that the evidence was clear and convincing only if there is a sufficient conflict in the evidence presented. Id., 161 Ohio St. at 479.
When sentencing a felony offender, the sentencing court must consider the overriding purposes of felony sentencing. R.C. 2929.11(A). The overriding purposes of felony sentencing are (1) to protect the public from future crime by the offender and others and (2) to punish the offender. R.C. 2929.11(A). In order to achieve those purposes, the sentencing court must "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." R.C. 2929.11(A).
The sentencing court is also required to consider principles aimed at achieving the two overriding purposes of felony sentencing. R.C.2929.11(B). The first principle requires that the sentence be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim." R.C. 2929.11(B). The second principle commands that the sentence be "consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).
Under Ohio's felony sentencing law there are two primary categories of factors the court must consider in making the sentencing determination — seriousness factors and recidivism factors. Additionally, the court may consider any other relevant factors relating to seriousness and recidivism to the extent they are helpful in achieving the overriding purposes and principles of felony sentencing.
The seriousness factors enumerated in R.C. 2929.12 take one of two forms — factors that make an offense more serious than conduct normally constituting the offense, and factors that make an offense less serious than conduct normally constituting the offense. The factors that make an offense more serious than conduct normally constituting the offense are enumerated under R.C. 2929.12(B). They are:
 "(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 "(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 "(3) The offender held a public office or position of trust in the community, and the offense related to that office or position.
 "(4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.
 "(5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.
 "(6) The offender's relationship with the victim facilitated the offense.
 "(7) The offender committed the offense for hire or as a part of an organized criminal activity.
 "(8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion."
The factors that make an offense less serious than conduct normally constituting the offense are enumerated under R.C. 2929.12(C). They are:
"(1) The victim induced or facilitated the offense.
 "(2) In committing the offense, the offender acted under strong provocation.
 "(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
 "(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense."
The recidivism factors enumerated in R.C. 2929.12 also take one of two forms factors indicating that the offender is likely to commit future crimes and factors indicating that the offender is not likely to commit future crimes. The factors indicating that the offender is likely to commit future crimes are enumerated under R.C. 2929.12(D). They are:
 "(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, * * * or under post-release control * * * for an earlier offense.
 "(2) The offender previously was adjudicated a delinquent child * * * or the offender has a history of criminal convictions.
 "(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child * * * or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 "(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
 "(5) The offender shows no genuine remorse for the offense."
The factors indicating that the offender is not likely to commit future crimes are enumerated under R.C. 2929.12(E). They are:
 "(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
 "(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.
 "(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
 "(4) The offense was committed under circumstances not likely to recur.
 "(5) The offender shows genuine remorse for the offense."
Also, R.C. 2929.14(C) and 2929.19(B)(2)(d) prevent a court from imposing a maximum sentence for a single offense unless the court records findings that give its reasons for selecting the maximum. Appellant's sentencing raises this issue because appellant was convicted of a single offense and was sentenced to the maximum term of imprisonment.
R.C. 2929.14(C) provides:
 "[T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense * * * only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * *, and upon certain repeat violent offenders * * *." (Emphasis added.)
R.C. 2929.19(B)(2)(d) acts in concert with R.C. 2929.14(C) when dealing with the situation whereby the trial court sentences a defendant to the maximum term of imprisonment despite the fact that it is dealing with a single offense. The statute provides as follows:
 "(B)(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
"* * *
 "(d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for the offense by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term."
In State v. Higgenbotham (Mar. 21, 2000), Belmont App. No. 97 BA 70, unreported, 2000 WL 309399, this court explained the inter-relationship between R.C. 2929.19(B)(2)(d) and R.C. 2929.14(C) as follows:
 "[A] trial court must record a finding that the defendant fits into one of the categories of offenders listed in [R.C. 2929.14(C)]. [State v. Edmonson
(1999), 86 Ohio St.3d 324, 329.] While the court * * * need not itemize its reasons for reaching the conclusion, it must still specify its finding in the record. Id. Statements by a trial court which may impliedly demonstrate that the court made the requisite finding pursuant to R.C. 2929.14(C) are not sufficient. Id. Notwithstanding the sentencing court's authority to impose the maximum term, it is obligated to divulge its rationale for imposing such a sentence. R.C. 2929.19(B)(2). Specifically, pursuant to R.C. 2929.19(B)(2)(d) a trial court must set forth its reasons for finding that the maximum sentence was appropriate even though the defendant is only being sentenced on a single offense. Id. Unlike the previous two statutory sections discussed herein, the trial court must set forth support for its decision under R.C. 2929.19(B)(2)(d)." Id. at *5.
In this case, the trial court's sentence was clearly and convincingly supported by the record and not contrary to law. Pursuant to R.C.2929.14(C) and R.C. 2929.19(B)(2)(d), the court found on the record that appellant committed the worst form of the offense. The court explained, stating that the offense involved sex between a forty-seven year old man and a child less than thirteen years of age and that the offender was the natural father of the victim. The court also found that appellant posed the greatest likelihood of committing future sexual crimes because it believed that appellant denies and/or minimizes his guilt, in spite of having pleaded guilty.
Accordingly, appellant's sole assignment of error is without merit.
The judgment of the trial court is hereby affirmed.
Vukovich, J., concurs.
Waite, J., concurs.